UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| | ] |
| | ] |
| v. | ] CR. NO. 06 -101 - 04 (JR) |
| | ] |
| (Antonio Molina, et. al.) | ] |
| DAVID SANCHEZ | ] |

**DEFENDANT SANCHEZ'S MOTION FOR SEVERANCE OF DEFENDANTS
AND MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, David Sanchez, through undersigned counsel, hereby moves, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, to sever his trial from that of his co-defendants Antonia Molina and Fernando Nunez-Zarco. As grounds for this Motion defendant states as follows:

**I. FACTUAL BACKGROUND:**

1. David Sanchez, along with Molina and Nunez-Zarco are charged with in a single count indictment with Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine (21 U.S.C. Secs. 841(a)(1), and 841(b)(1)(B)(ii)) and Aiding and Abetting ( 18 U.S.C. Sec. 2) on or about March 11, 2006.

2. The government alleges that the defendants were arrested in an undercover Buy-Bust operation by officers of the Metropolitan Police Department in the rear of the U.S. Post Office located at 6323 Georgia Avenue, N.W., Washington, D.C.  Allegedly, a cooperating witness provided information to the police that five Hispanic males, traveling in two vehicles – a Blue Neon and a White pickup truck – were in the area attempting to sale two kilograms of cocaine hydrochloride.

3.  Upon their arrival upon the scene, one of the undercover officers engaged in a brief conversation with co-defendant Molina and displayed the buy money ($10,750).  The government

alleges that at this point, Molina then motioned to Nunez-Zarco, who reached beneath a seat in the White pickup truck and produced a rectangular shaped object wrapped in black tape which was consistent in appearance with cocaine. At this point the arrest teamed was summoned and the three co-defendants, along with Otoniel Orduno and Silvio Morales Nunez were apprehended[1]. David Sanchez played no apparent role in the thwarted drug transaction. However, the government alleges the cooperating witness identified David Sanchez as the supplier of the cocaine and a passenger in the White pickup truck.

4. Subsequent to their indictment, both co-defendants Molina and Nunez-Zarco voluntarily provided (without request by counsel) a signed statement exculpating defendant Sanchez to the undersigned counsel.

## II. ARGUMENT with POINTS and AUTHORITIES:

### A. The Co-Defendants Testimony would Exculpate Sanchez

Under Rule 14 of the Federal Rules of Criminal Procedure, severance of defendants is left to the sound discretion of the trial judge***. See, United States v. Mardian, 546 F.2d 973 (D.C. Cir. 1976)***. When ruling on severance motions judges traditionally balance the prejudice to the defendant against the interests of judicial economy inherent in a joint trial. Id.

5. Mr. Sanchez will be prejudiced by a joint trial with his co-defendants essentially for two reasons: 1) He will not be able to call his co-defendants as witnesses at a joint trial to provide exculpatory testimony; and 2), he will be prejudiced from the spillover effect of the grossly disparate evidence against Mssrs.Molina and Nunez-Zarco. Thus, he maintains that he will be denied a fair trial unless severance is granted.

---

[1] At the detention hearing held on March 17, 2006, Magistrate Judge Facciola determined that the government had failed to establish probable cause to sustain the charges with respect to the alleged involvement Otoniel Orduno and Silvio Morales Nunez.

6. The Supreme Court has recognized that a defendant can be prejudiced if essential exculpatory evidence, which would be available at a separate trial, is unavailable at a joint trial. ***See, Zafiro v. United States, 506 U.S. 534, 539 (1993)***. In such a case the interests of judicial economy do not outweigh a defendant's right to a fair trial. ***See, United States v. Wilson, 116 F.3d 1066, 1084-85 (5th Cir. 1997)***. The defendant must demonstrate the exculpatory nature of the testimony, the need for the testimony, and the likelihood that the codefendant will testify if the cases are severed. *See generally, **United States v. Ford, 870 F.2d 729, 731 (D.C. Cir. 1989)***.

7. Defendant submits that at a separate trial co-defendants Molina and Nunez-Zarco would testify that David Sanchez played no role in the attempted drug transaction for which they are jointly charged. Moreover, based on information and believe, defendant maintains that his co-defendants would also testify in a manner contradictory to the government's cooperating witnesses, and thereby, dispute the government's claim that Sanchez was the supplier of the cocaine. In view of the fact that none of the arresting officers observed any incriminating behavior on Mr. Sanchez's part during the apprehension of these defendants, Mr. Molina's and Nunez-Zarco's potential testimony is essential to Mr. Sanchez's defense as it is the only direct evidence which can corroborate Mr. Sanchez's claim of innocence presence.

8.. Obtaining beneficial testimony from a co-defendant which would be unavailable in a joint trial is a factor that weighs in favor of severance. **See, Dawson, Joint Trials of Defendants In Criminal Cases: An Analysis of Efficiencies and Prejudices**, 77 U.Mich.L.Rev. 1379, 1438-44 (1979). Here, exculpatory testimony will be unavailable absent severance if the co-defendants do not testify at a joint trial. "[S]everance is obligatory where one defendant's case rests heavily on the exculpatory testimony of his co-defendant, willing to give such testimony but for

the fear that by taking the stand in the joint trial he would jeopardize his own defense." *United States v. Shuford, 454 F.2d 772, 776 (4th Cir. 1971)*

    9.    A further consideration for the Court, which defendant contends also favors severance of defendants in this case, are the issues arising under *Bruton v. United States, 391 U.S. 123, 126 (1968)*. As this Court is well aware, in *Bruton,* the Supreme Court held that where a co-defendant did not testify, the admission of that co-defendant's statements violated the Sixth Amendment right to confrontation of any other co-defendant because those defendants would not have had an opportunity to cross-examine the co-defendant in a joint trial   Herein, we have the asserted voluntarily given statements of Molina and Nunez-Zarco which exculpate Sanchez, but, whose negative implication is to implicate each other.   This potential *Bruton* would be cured by, 1) an order *en limine,* prohibiting Mr. Sanchez from introducing the statements at trial, or, 2) by grant this motion for severance of defendants. Furthermore, since the defendant Sanchez did not make any statements to the police, the co-defendant's statements can not be offered under the "interlocking confession" exception to the *Bruton* rule. *See, generally* <u>Parker v. Randolph</u>*, 422 U.S. 62 (1969);* <u>Lee v. Illinois</u>*, 106 S.Ct. 2056 (1986).*

    *B. The Disparity of the Evidence.*

    10.    The danger of prejudicial spillover to Mr. Sanchez is real and substantial if his trial remains joined with co-defendants Molina and Nunez-Zarco.  The government's evidence regarding Mr. Sanchez's alleged involvement in the unlawful possession of the cocaine discovered in the white pickup truck is based solely on circumstantial evidence that he was in proximity to narcotic contraband with others with whom it claims he jointly possessed with the intent to distribute.   The government's only evidence regarding knowledge or intent is contained in the statements by the cooperating witness that Mr. Sanchez arrived in the white pickup truck and was the supplier.  The

police observations at the scene do not support the cooperating witness' claim that Mr. Sanchez was the source of the drugs. He did not inspect the buy-money nor produce or handle the cocaine at the scene of the transaction. The government's evidence against Mr. Sanchez, standing alone is thin. Virtually all of the evidence pertaining to the negotiations and possession of the cocaine with respect to arranging the unlawful transaction is directed at the other two co-defendants. Thus there is a real danger that Mr. Sanchez could be convicted because of the prejudicial spillover effect from his co-defendants. ***See generally, United States v.Sampol, 636 F.2d 621 (D.C. Cir. 1980).***

11. Mr. Sanchez submits that since the government will have to rely almost exclusively on the "spillover" evidence from the co-defendants to prove any criminal intent on his part, a joint trial will be unfairly prejudicial. It will be extremely difficult, if not impossible, for the jurors to perform the mental gymnastics required to separate the evidence against Mr. Sanchez from the evidence against the other two defendants as to her alleged involvement in such a conspiracy. Accordingly, there is a likelihood that Mr. Sanchez will be convicted primarily because of the spillover from the disparate quantum of evidence against the other defendants. ***See generally, United States v. Sampol, supra.***

### III. CONCLUSION

12. For these reasons, defendant submits that the interests of judicial economy do not outweigh her need for a separate trial. Applying the principles enunciated in ***United States v. Ford, supra, and United States v. Mardian, 546 F.2d 973, 977 (D.C. Cir. 1976)***, Mr. Sanchez request for severance should be granted. ***United States v. Winter, 663 F.2d 1120 (1st Cir. 1981).***

WHEREFORE, for these reasons, and any additional reasons adduced at a hearing on this motion, defendant David Sanchez respectfully requests this Court to grant his request for a severance from his co-defendants.

                        Respectfully submitted,
                              /s/

                        James W. Rudasill, Jr, # 318113
                        717 D Street, N.W.
                        Suite 310
                        Washington, D.C. 20004
                        (202) 783-7908
                        Counsel for David Sanchez


## CERTIFICATE OF SERVICE

I hereby certify that this 7th day of July, 2006, a copy of the foregoing Motion For Severance and Points and Authorities was electronically served upon Arvind K. Lal, Esquire, Assistant U.S. Attorney, Office of the United States Attorney for the District of Columbia and to all defense counsel of record.

                              /s/
                        James W. Rudasill, Jr.